IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: ) | Case No. BK 22-80836 |
| ) | |
| HERMAN EDWARD SMITH and ) | |
| PIPER JEAN LEEDS ) | |
| ) | |
| Debtors. ) | |

### Order Denying the Debtors' Objection to Claims
### Filed by Quantum 3 Group LLC (Claims No. 16, 35, 36, and 37)

The debtors objected to proofs of claims (Doc. #35) filed by Quantum 3 Group, LLC, contending the claims were barred by the Nebraska statute of limitation applicable to contracts not in writing. Jessie Polson appeared for the debtors. Quantum 3 Group LLC ("Quantum") did not appear. The court initially continued the hearing. But after further consideration, the objection is denied without prejudice. The debtors did not properly notify Quantum of the grounds for the objection. Under the circumstances, continuing the hearing will not sufficiently cure the lack of notice. The debtors also did not rebut the prima facie validity of the claims as specifically directed by the court.

Quantum filed four proofs of claim in the debtors' case. (Claims No. 16, 35, 36, and 37). Each proof of claim purports to be for medical debt. Quantum did not attach to the proofs of claim original documentation from the medical providers, Nebraska Medical Center, and Catholic Health Initiatives ("CHI").

The debtors objected asserting, "No payments have been made on this account in over 4 years and the debt is thus void pursuant to the Nebraska Statute of Limitations applicable to unwritten contracts." A footnote references Neb. Rev. Stat. § 25-206, which applies to "a contract, not in writing, expressed or implied". The debtors raised no other grounds in the objection. Although Quantum did not resist the objection, the court set the matter for hearing, requesting the debtors establish the four-year statute of limitations for oral contracts applies rather than the five-year statute of limitations for contracts in writing. *See* Neb. Rev. Stat. § 25-205.

During the hearing the debtors for the first time asserted the claims should be denied under Fed. R. Bankr. P. 3001(c)(1), which requires claimants attach to a proof of claim a copy of a writing on which the claim is based:

> Except for a claim, governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim.

Fed. R. Bankr. P. 3001(c)(1). If a claimant does not comply with Rule 3001(c)(1), the court "*may, after notice* and hearing, take either or both of the following actions":

> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2)(D) (emphasis added). The debtors request the claim be disallowed in this case.

The claim will not be disallowed because the debtors did not properly serve notice of the objection. Rule 3001 requires the objecting party provide the claimant "notice". The court's local rules require an objection to claim state the "*specific grounds* for the objection". Neb. R. Bankr. P. 3007-1(B) (emphasis added). The debtors objected based on a potentially inapplicable statute of limitation. They did not object for failure to attach documentation. Had Quantum received notice of an objection grounded upon a lack of attached documentation, it would have been in a position to decide whether to simply provide it. The sanctions are also permissive. They are not mandatory or automatic. *See* Fed. R. Bankr. P. 3001(c)(2)(D); *see also* 9 Collier on Bankruptcy P. 3001.01 (16th 2023) ("Notably, those penalties do not provide for automatic disallowance of a proof of claim for failure to attach documents.").

The failure to attach original invoices or other documentation alone is not necessarily dispositive the claim is not valid. A proof of claim is prima facie valid. *See Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004). As part of an objection, the debtor must establish an exception under 11 U.S.C. § 502(b). *Id*.

> If the proof of claim conforms with the rules it constitutes prima facie evidence of the claim. The burden of proof then shifts to the objector to establish that the claim fits within one of the exceptions set forth in Section 502(b) of the Bankruptcy Code. Even if the proofs of claim are not entitled to prima facie validity, they are some evidence of the Claimant's claims. Here, the Debtor never presented any evidence to contradict the claims, much less any evidence that the claims fall within one of the exceptions set forth in Section 502(b); therefore, the claims' validity stands.

*Id*. In *Dove-Nation*, the BAP denied an objection to claim where the claimant attached summaries, explained why additional documentation was not attached, and gave instructions to request additional documentation.

Quantum's proof of claims contain a similar summary. The proofs of claim each contain an attachment that states the name of the original creditor, the partial

account number, the name of each assignee, the date of service, the last payment date, and the last transaction date. They also include the claim amount broken down by principal balance, fees, and interest. They contain the agent's PO Box address, phone number, and e-mail address. The attachment also states:

> Due to federal and state medical privacy laws, documentation regarding the services underlying the medical account will not be attached. Please send all inquiries for additional account information or media to the claims department, as provided above.

The debtors did not request additional documentation. The facts of this case are similar enough to those in *Dove-Nation*. The court does not condone non-compliance with Rule 3007(c)(1). In a proper case a claim without sufficient information and documentation may be denied for that reason. But in this case, the debtors offered no evidence, even though the court directed them to provide it. They simply did not meet their burden.

As to the statute of limitations objection, the debtors did serve Quantum notice. This is an exception under § 502(b)(1). But to prevail, the debtors must establish the contract or agreement was "not in writing". Neb. Rev. Stat. § 25-206. The lack of a writing attached to the proof of claim alone does not necessarily disprove the writing exists.

> The absence of a writing in the proofs of claim and/or the failure to introduce such a document into evidence at the hearing does not disprove that a writing or multiple writings exist to support the claims. The Debtor's burden is to produce probative evidence that will show the underlying contracts were unwritten agreements and, thus, within the statute [of limitation applicable to oral agreements].

*In re Richardson*, 557 B.R. 686, 693 (Bankr. E.D. Ark. 2016). The debtors offered no evidence let alone probative evidence to support the objection on statute of limitations grounds. The claims are for medical debt and originated from medical providers. Medical providers typically require patients to sign documentation, including medical consents and other agreements, before treatment is provided.

The debtors assert the lack of documentation prevents them from determining which statute of limitation applies. A statute of limitation is an affirmative defense for which the debtors bear the burden of proof. Simply stating the debtors cannot determine which statute applies does not meet the burden. Also the contention is without merit. Although the original invoices were not attached, the proofs of claim contained sufficient information to determine whether the claims were stale. The proofs of claim state documentation exists and the last dates of payment. The payment information was transcribed onto the proofs of claim, presumably from original medical records or invoices. Therefore, this order does not foreclose the debtors from establishing the transcription was not accurate.

But such contentions and all objections must be grounded in a good faith factual and legal basis. *See In re Armstrong*, 487 B.R. 764, 767 (E.D. Tex. 2012) (affirming an award of $500 as sanctions). In *Armstrong* the debtor filed multiple claim objections asserting she could not "determine that the amount stated on the claim is accurate because there are no ledgers or other accounting records attached to the proof of claim." She asserted she could not "verify the account, establish that the charges were made within the limitations period, or determine whether the claim was enforceable against her." *Id*. at 767. The bankruptcy court found counsel was "playing games". It was improper to seek to disallow claims "based on an alleged lack of "sufficient" documentation attached to the claim and not upon debtor's own knowledge of documents or statements she had received, or on a belief that the claim was improper or was not actually owing." *Id*. at 767–68.

The identity of the providers, the amounts due, and the dates of service are stated in the claims. The debtors did not object on the grounds they did not receive the medical services. They did not object to the existence of the debt. They did not object to the amount of the debt. They scheduled medical debt, including debt to Nebraska Medicine and Bergan Mercy, which is a CHI hospital. They offered no evidence to support the objection. This order is without prejudice. The court does not prejudge the matter. But any future objection should be supportable in both fact and law.

The objection (Doc. #35) is denied without prejudice.

       Dated May 16, 2023

                                  BY THE COURT

                                  /s/ Brian S. Kruse
                                  Brian S. Kruse
                                  Bankruptcy Judge

Notice given by the court to:
\*Jessie Polson

The movant (\*) must serve a copy of this order on parties in interest who might be affected by the objection.